
# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-464-CR**

TIMOTHY RASHON WARNER                                      APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Timothy Rashon Warner appeals from his conviction and ninety-nine-year sentence for causing serious bodily injury to a child. In three points, he argues that the trial court erred by admitting into evidence statements obtained from Appellant in violation of *Miranda*,[2] by admitting statements obtained from Appellant in violation of his right to counsel, and by denying his

---

[1] *See* Tex. R. App. P. 47.4.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966); *see* Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (Vernon 2005).

request for a continuance when a witness was unavailable to testify at the trial's punishment phase.  We affirm.

## Background[3]

On August 11, 2005, Appellant took the lifeless body of three-year-old Sierra Odom to a hospital emergency room.[4]  He told hospital personnel that he had just been in a car wreck and that Odom had been thrown from her car seat and injured.  Efforts to revive Odom failed.  Because the child appeared to have been dead longer than suggested by Appellant's story and because of the relatively minor damage to his vehicle, hospital personnel believed Appellant had concocted the car-wreck story to hide a crime, and they notified the police.

Arlington Police Detective Richard Nutt went to the hospital and interviewed hospital personnel.  He introduced himself to  Appellant and asked Appellant to accompany him to the police station and give a statement, and Appellant agreed.  At the station, Detective Nutt gave Appellant the *Miranda* warnings and interviewed Appellant.  At first, Appellant maintained that Odom had been injured in the car wreck.  Later in the same interview, however, he admitted that Odom was injured in Appellant's home while Appellant was

---

[3] Because Appellant does not contest the sufficiency of the evidence to support his conviction, we will set out only so much of the evidence as required to put Appellant's points into context.

[4] Sierra was one of Appellant's foster children.

attempting to discipline her. At the end of the interview, Detective Nutt drove Appellant back to Appellant's house, where a search—to which Appellant's wife had consented—was underway.

Detective Nutt then took Appellant's wife to the station, where another detective interviewed her. After Detective Nutt and Appellant's wife had left the house, Appellant conversed with the officers searching his home. He eventually told them that he had shoved Odom toward a bookcase, causing her head to hit the bookcase, and that he had staged the car accident.

In the meantime, Detective Nutt obtained a warrant for Appellant's arrest. He drove Appellant's wife back to Appellant's home and arrested Appellant. Detective Nutt then took Appellant to the police station and read him his *Miranda* rights again. A few minutes into the interview, the following colloquy occurred:

Detective Nutt: Why don't you tell us about last night.

Appellant: Alright. I just don't want to make a mistake. If I'm gonna make a mistake, I—I can't afford an attorney. Did I understand, the court appoint you one?

Detective Nutt: If you want an attorney, that is your right.

Appellant: The court appoint you one? Is that real, or not?

Detective Nutt: Yeah, that's real.

Detective Lopez: Yeah, that's one of the rights that he, that Detective Nutt (inaudible). That's one of the

3

right's that's afforded to you. And that was one of the rights that, that Detective Nutt read to you, if you can't afford an attorney, one may be appointed for you. I don't—without reading it directly off the card, I can't tell you exactly word-for-word how it reads, but that—that's the case. Again, that's not something that we handle.

Detective Nutt: That's your decision to make, if you want (inaudible).

Appellant: I just want to tell the truth.

Appellant then told the detectives that he had grabbed Odom by the face and shoved her into a bookcase and that he had faked the car crash to cover up the injuries.

A grand jury indicted Appellant for intentionally or knowingly causing serious bodily injury to a minor with an unknown deadly weapon. A jury convicted Appellant as charged and made an affirmative finding to the deadly-weapon allegation. But the jury deadlocked on punishment, and the trial court granted Appellant's motion for a mistrial on punishment. At a second trial on punishment, another jury assessed punishment at ninety-nine years' incarceration, and the trial court rendered judgment accordingly.

**Discussion**

1. *Miranda* **violation**

In his first point, Appellant argues that the trial court erred by admitting testimony about the statements he made to the police officers who searched

4

his home after his first interview with Detective Nutt and before Detective Nutt arrested him because those statements were the result of a custodial interrogation and those officers did not warn him of his *Miranda* rights. The State argues that Appellant waived his complaint by failing to object each time witnesses testified about the statements in question.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). A party must continue to object each time the objectionable evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991). A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), *cert. denied*, 501 U.S. 1259 (1991), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991). This rule applies whether the other evidence was introduced by the defendant or the State. *Leday*, 983 S.W.2d at 718.

When one of the officers who searched Appellant's home—John Gonzales—testified, Appellant made three objections to Officer Gonzales's testimony about Appellant's statements. First, when the prosecutor asked Officer Gonzales about a statement Appellant made to his wife before Detective Nutt took her to the police station, Appellant objected, and the court ruled, as follows:

> [APPELLANT'S COUNSEL]: Your honor, I want a running objection to all of this testimony from the sergeant as to what [Appellant] said, because it's a violation of Miranda and any other provision of the law. And this line of testimony is completely out of bounds for a fair trial.
>
> THE COURT: Your objection is overruled, and you may have a running objection to the testimony regarding a conversation that the Defendant had with his wife.

Next, when the prosecutor asked Officer Gonzales what Appellant said when Officer Gonzales asked him what had happened, Appellant made the following objection:

> [APPELLANT'S COUNSEL]: Your honor, I'm going to have to object to hearsay. He asked for hearsay.
>
> THE COURT: Okay. You have a running objection to the statements made by the Defendant at the home, and it's overruled.

Finally, when the prosecutor asked Officer Gonzales what Appellant said when the officer told him he did not believe Appellant's story, Appellant objected,

> [APPELLANT'S COUNSEL]: Your honor, I'm going to object to what he said at this time. He has not been warned by this officer of his Miranda rights.

6

THE COURT: Okay. And you have a running objection to all of the statements made by the Defendant in the home, and it's overruled.

But when another detective—Daniel Rhodes—testified extensively about Appellant's in-home statements, Appellant made no objection.

A running objection requested by defense counsel, if granted by the trial court, may be sufficient to preserve error when another witness testifies to the same matter if the objection was timely, stated the specific grounds, and requested the ruling later denied. *Ethington,* 819 S.W.2d at 858–59; *Scaggs v. State*, 18 S.W.3d 277, 292 (Tex. App.—Austin 2000, pet. ref'd); *see Sattiewhite v. State*, 786 S.W.2d 271, 283 n.4 (Tex. Crim. App. 1989) (observing that there are situations in which a running objection may be more appropriate than a redundant and disruptive series of objections) *cert. denied*, 498 U.S. 881 (1990). In *Ford v. State*, the court of criminal appeals held that a running objection extended to other witnesses when the defendant asked for a running objection to "extend to all witnesses," if they testified to the same type of matter. 919 S.W.2d 107, 113 (Tex. Crim. App. 1996); *see also Campos v. State*, 256 S.W.3d 757, 760 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

In the case before us, unlike *Ford*, Appellant did not ask for his running objection to Officer Gonzales's testimony to apply to all witnesses. *See Scaggs*, 18 S.W.3d at 292–93. And Appellant failed to object when Daniel

Rhodes testified about Appellant's statements in the home. Thus, he failed to preserve his complaint as to that testimony. *Leday*, 983 S.W.2d at 718. We overrule Appellant's first point.

## 2. Denial of Motion for Continuance

In his second point, Appellant argues that the trial court erred by denying his motion for continuance at the second punishment trial when a witness—Appellant's wife—was unavailable to testify, thereby violating Appellant's Confrontation Clause rights.

During the first trial's guilt/innocence phase, Appellant's wife testified that she was asleep on the night of Odom's death when Appellant called her to a bedroom. When she went to the bedroom, she could see that something was wrong with Odom, who soon fell unconscious and died. Appellant's wife dressed the corpse and helped Appellant strap it into a car seat in their vehicle.

At the time of the second punishment trial, Appellant's wife was apparently recuperating from a gunshot wound in a Louisiana hospital. The State read her testimony from the prior trial to the jury. The next day, Appellant orally moved for a continuance to secure her attendance at trial. Appellant's counsel represented to the trial court that Appellant's wife would testify that another child in Appellant's home injured Odom. The trial court requested additional information about Appellant's wife's condition. Appellant's counsel called the Louisiana hospital and learned that Appellant's wife was in

8

intensive care and on a ventilator. The trial court denied Appellant's request for continuance.

A motion for continuance must be written or sworn; otherwise, it preserves nothing for review. Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08 (Vernon 2006); *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Because Appellant's motion was not in writing, he preserved nothing for our review, and we overrule his second point.

### 3. Violation of Right to Counsel

In his third point, Appellant argues that the trial court erred by admitting into evidence Appellant's second videotaped statement to Detective Nutt after the point in the interview when Appellant purportedly requested counsel. Appellant does not identify where in the record he objected to Detective Nutt's testimony or the admission of the interview recordings on this basis, and our own review of the record reveals no such objection. Further, when the State offered the interview video recordings, Appellant stated that he had no objection to them.

A defendant waives error if he affirmatively asserts that he has no objection when evidence is offered, even if he made an otherwise error-preserving objection before trial or outside the presence of the jury. *See Jones v. State*, 962 S.W.2d 158, 167 (Tex. App.—Fort Worth 1998, no pet.);

9

*Tuffiash v. State*, 948 S.W.2d 873, 876 (Tex. App.—San Antonio 1997, pet. ref'd).  Because Appellant did not object to the admission of his statements made after his purported demand for counsel and affirmatively stated that he had no objection to their admission, we hold that he waived his complaint, and we overrule his third point.

### Conclusion

Having overruled all of Appellant's points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 30, 2009